# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| COLUMBUS M. JOYCE, | ) | |
| Plaintiff, | ) | |
| VS. | ) | No. 18-2628-JDT-cgc |
| KIRT FIELDS, ET AL., | ) | |
| Defendants. | ) | |

## ORDER DISMISSING AMENDED COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

Plaintiff Columbus M. Joyce, a prisoner acting *pro se*, filed a civil complaint on September 12, 2018. (ECF No. 1.) The Court subsequently issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.)

On March 25, 2019, the Court issued an order dismissing the complaint for failure to state a claim but granting leave to file an amended complaint within 21 days. (ECF No. 14.) The order notified Joyce that if he "fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment." (*Id.* at 6.)

Joyce has not filed an amended complaint as such. However, he did send a one-page letter to the Clerk, which was received on April 15, 2019. (ECF No. 15.) In the letter, he says he does not understand what it means to amend his complaint but that, to him, "amend means to improve." (*Id.*) Joyce then states he is seeking damages for pain and suffering due to his ongoing chronic back problems and that his back problems are the result of negligence. (*Id.*)

The Court dismissed Joyce's original complaint for failure to state a claim because he alleged only that his injuries were the result of Defendants' negligence, which is insufficient to impose liability under 42 U.S.C. § 1983. (ECF No. 14 at 4-6.) Even if his April 15th letter is considered an attempt to amend the complaint, Joyce still fails to state a claim under § 1983 because he continues to allege only negligence. Therefore, to the extent Joyce's letter is intended as an amended complaint, it is also DISMISSED for failure to state a claim in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Joyce in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Joyce would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Joyce nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Joyce is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Joyce, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which

---

[1] Joyce previously filed *Joyce v. Alexander, et al.*, No. 2:18-cv-02282-JDT-cgc, 2018 WL 6173900 (W.D. Tenn. Nov. 26, 2018) (dismissed for failure to state a claim), *aff'd*, No. 18-6351 (6th Cir. Mar. 19, 2019); and *Joyce v. Shelby Cnty. Justice Complex, et al.*, No. 2:99-cv-2706-JPM (W.D. Tenn. Aug. 31, 1999) (dismissed as frivolous).

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, Joyce is warned that he will be barred from filing any further actions *in forma pauperis* while he is a prisoner unless he is in imminent danger of serious physical injury. If any new civil complaint filed by Joyce is not accompanied by the entire $400 civil filing fee, the complaint must contain allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If the new complaint does not sufficiently allege imminent danger, it will be dismissed without prejudice; Joyce would then have an opportunity to file, within 28 days, a motion to re-open the case accompanied by the $400 civil filing fee.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE